UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RUSSELL LANG and WENDY LANG,                           Case No. 19-cv-329

              Plaintiffs,

vs.

CROWN ASSET MANAGEMENT, LLC,

              Defendant.

## COMPLAINT

NOW COME, Plaintiffs Russell Lang and Wendy Lang, by and through their attorneys, DeLadurantey Law Office, LLC, and complain of Defendant Crown Asset Management, LLC, and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

#### Nature of the Action

1.      This lawsuit arises from unlawful collection attempts of the Defendant.

2.      Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*.

#### Jurisdiction and Venue

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.  This Court also has jurisdiction pursuant to 15 U.S.C. §

1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4.     This Court has supplemental jurisdiction over the claims arising under the WCA under 28 U.S.C. § 1367, because the WCA claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

5.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendant resides.  Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6.     Plaintiff Russell Lang (hereinafter "Mr. Lang") is a natural person who resides in the County of Waukesha, State of Wisconsin.

7.     Plaintiff Wendy Lang (hereinafter "Mrs. Lang") is a natural person who resides in the County of Waukesha, State of Wisconsin.

8.     Defendant Crown Asset Management, LLC (hereinafter "Defendant Crown") is a foreign business with a principal office of 3100 Breckinridge Blvd., Ste 725, Duluth, GA 30096, and a registered agent of CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

9.     Defendant Crown is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

10.     Defendant Crown is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## Factual Allegations

11.     On January 23, 2015, Mr. and Mrs. Lang filed a petition to amortize their debts under Wis. Stat. § 128.21, Case No. 2015CV000166 (Waukesha County, WI).

2

12.     Included in this petition was a Comenity Bank credit card.

13.     No objections were filed to their plan.

14.     Under the plan, Mr. and Mrs. Lang paid off their debts they owed to their creditors, including the debt to Comenity Bank.

15.     On April 7, 2017, an order accepting the final accounting was accepted and the case was dismissed as each creditor had been fully paid.

16.     As some point in time unknown to Plaintiffs, the Comenity Bank debt was sold to Defendant Crown.

17.     On February 19, 2019, Defendant Crown filed a lawsuit (Case Number 2019SC000796, Waukesha County, WI), seeking to collect on the paid account.

18.     This lawsuit alleged that the debt was a "marital debt," thereby implying that Mrs. Lang would be liable on the judgment.

19.     This attempt at collection is now part of Mr. Lang's permanent state court record, even though they did not owe the money that Defendant Crown sued them over.

## Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)

20.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Mr. and Mrs. Lang are consumers as defined by 15 U.S.C. §1692a(3).

22.     The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(14), 1692f, and 1692f(1), with respect to the Plaintiffs.

23.     Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on a paid account.

24.     Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a threat that cannot legally be taken, which they did when they filed suit and asked for a judgment on a paid debt.

25.     Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on a paid account.

26.     Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they tried to collect on a paid account.

27.     Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

28.     Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104(c))

29.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

31.     Attempting to collect a debt not owed can reasonably be expected to cause harassment to Mr. and Mrs. Lang.

4

32. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

33. Filing a collection lawsuit on a paid debt was a claim by Defendant to enforce a right with knowledge and/or a reason to know the right did not exist.

34. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

35. Plaintiffs are entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## Trial by Jury

36. Mr. and Mrs. Lang are entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Lang pray that judgment be entered against Defendant Crown for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. Other and further relief as may be just and proper.


Dated this 5th day of March, 2019.

DeLadurantey Law Office, LLC


s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey
State Bar No. 1063937

330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
*Attorney for the Plaintiffs*